IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | ) | |
|---|---|---|
| ROBERT RUSSELL SPENCE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 2:13-cv-0016 |
| | ) | |
| | ) | Judge David Stewart Cercone |
| KEELEY SCHAFER, *et al.,* | ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| | ) | ECF Nos. 8, 9, 10, 11 & 12 |
| Defendants. | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

## I.   RECOMMENDATION

The Court respectfully recommends that pursuant to 28 U.S.C. §1915(e)(2)(B), Plaintiff's
Amended Complaint (ECF No. 7) filed on February 22, 2013 be dismissed with prejudice as to
the malpractice claim against Robert Stechp, and dismissed without prejudice as to all remaining
claims and Defendants.  It is further recommended that Plaintiff be given the opportunity to file a
third amended complaint as to certain Defendants as explained below.

The Court further recommends that the Motions for a Preliminary Injunction against
Korry Pitts and 412 Motoring (ECF No. 8), Cortorra Brownfield (ECF No. 9, Keeley and Kevin
Schafer (ECF No. 10), and Chasity Thompson (ECF No. 11), be denied.  It is further
recommended that the Motion for Temporary Restraining Order against Keeley and Kevin
Schafer (ECF No. 12) be denied.

## II.   REPORT

Plaintiff, Robert Russell Spence commenced this *pro se* civil rights action by filing a
motion to proceed *in forma pauperis* on January 4, 2013, which was subsequently granted on

February 22, 2013, after he filed the required financial documentation. Spence alleges violations of various federal constitutional rights and federal and state laws against 15 defendants. He submits that the Court has subject matter jurisdiction over this action pursuant to 42 U.S.C. §1983, and seeks both injunctive relief and money damages. Because of the early stage of this litigation, service on the Defendants has not yet been effectuated.

### A.    Legal Standard

Plaintiff is proceeding *pro se* and as such, he is entitled to liberal construction of his submissions in federal court. This means that the Court must liberally construe the factual allegations of the complaint because *pro se* pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erikson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation omitted); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In addition, the court should "'apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.'" *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veterans Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999)). *See also Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting *Higgins*, 293 F.3d at 688). However, *pro se* litigants are not free to ignore the Federal Rules of Civil Procedure. *Pruden v. Long,* Civ. A. No. 3:CV-06-2007, 2006 WL 3325439, *1 (M.D.Pa. Oct. 24, 2006).

Pursuant to 28 U.S.C. §1915(a), Plaintiff requested and has been granted leave to proceed *in forma pauperis*. Thus, his allegations must be reviewed in accordance with the directives provided in 28 U.S.C. §1915(e). Section 1915(e)(2), as amended, requires the federal courts to review complaints filed by persons who are proceeding *in forma pauperis* and to dismiss, at any

time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). "[A] complaint…is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hawkins v. Coleman Hall, C.C.F.*, No. 11-3467, 2011 WL 5970977, at *2 (3d Cir. Nov. 30, 2011) ("An appeal is frivolous when it lacks an arguable basis either in law or fact." (citing *Neitzke, supra*). Thus, under §1915(e)(2)(B), courts are "authorized to dismiss a claim as frivolous where 'it is based on an indisputable meritless legal theory or where the factual contentions are clearly baseless.'" *O'Neal v. Remus*, No. 09-14661, 2010 WL 1463011, at *1 (E.D.Mich. Mar. 17, 2010) (quoting *Price v. Heyrman*, No. 06-C-632, 2007 WL 188971, at *1 (E.D.Wis. Jan. 22, 2007) (citing *Neitzke*, 490 U.S. at 327)).[1]

In determining whether a claim fails to state a claim upon which relief may be granted for purposes of Section 1915(e)(2), courts apply the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *D'Agostino v. CECOM RDEC*, 436 F. App'x 70, 72 (3d Cir. 2011) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)). A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556

---

[1] Dismissal under Section 1915(e)(2) is "often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering [frivolous] complaints[,]" *Neitzke,* 490 U.S. at 324, or complaints which fail to state a claim on which relief may be granted.

U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The court of appeals has expounded on this standard in light of its decision in *Phillips v. County of Allegheny,* 515 F.3d 224 (3d Cir. 2008) (construing *Twombly* in a civil rights context), and the Supreme Court's decision in *Iqbal*:

> After *Iqbal,* it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S.Ct. at 1949. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1948. The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See Id.* at 1949-50; *see also Twombly,* 505 U.S. at 555, & n. 3.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). In making this determination, the court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. *Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir. 1985). "To the extent that a complaint filed *in forma pauperis* which fails to state a claim lacks even an arguable basis in law, Rule 12(b)(6) and §1915([e]) both counsel dismissal." *Neitzke,* 490 U.S. at 328 (footnote omitted).

In determining pre-trial matters, such as whether particular facts warrant joinder under Rule 20, the district court's decision is reviewed only for abuse of discretion. *Hagan v. Rogers,* 570 F.3d 146, 152 (3d Cir. 2009) (citation omitted); *Pruden,* 2006 WL 3325439, at *1 (citing *Mizwicki v. Helwig*, 196 F.3d 828, 833 (7th Cir. 1999)). "A district court abuses its discretion when 'its decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact.'" *Hagan*, 570 F.3d at 152 (quoting *Danvers Motor Co., Inc. v. Ford Motor Co.,* 543 F.3d 141, 147 (3d Cir. 2008)).

## B. Factual Background

At the heart of Spence's Amended Complaint[2] is a dispute over the title to real property located at 300 Mt. Manor Road, Westmoreland County, Pennsylvania ("Real Estate"), between privates parties—Plaintiff and Defendants Keeley Schafer and Kevin Schafer ("Schafers"). Spence alleges that he entered into a land contract to purchase the Real Estate from the Schafers, having paid them $60,000 in cash as a down payment, plus a series of installment payments for the monthly mortgage. Spence contends that the Schafers failed to record the title to the Real Estate, continued to collect monthly mortgage payments, and then tried to sell the Real Estate to a third party after he made substantial improvements to the Real Estate, thereby increasing the equity in it. Spence further alleges that the Schafers were not making monthly mortgage payments with the money he was giving to them for that purpose, and they fell behind on the mortgage, of which he eventually became aware when he subsequently received three foreclosure notices. Sometime thereafter, Spence contends that the Schafers' attorney, Robert Stechp, filed an eviction notice on their behalf, to evict Spence from the Real Estate, and in the process presented false statements to Judge Anthony Marsili, and withheld Plaintiff's land contract and other "very important indicias" from that proceeding, which would have proven Plaintiff's ownership of the Real Estate.

---

[2]The reference to the "Amended Complaint" throughout this Report and Recommendation refers to the one filed at ECF No. 7. In a relatively short period of time, Spence filed an original complaint with his motion for leave to proceed *in forma pauperis* on 1/4/13, then filed an amended complaint (ECF No. 4) on 1/9/13, and then another amended complaint (ECF No. 7) on 2/22/13, without leave of court as required under Federal Rule of Civil Procedure 15(a). In the latest Amended Complaint (as well as the previous versions), Spence has numbered only the first 13 paragraphs, while setting forth 31 pages additional pages of allegations and claims for relief without any numbered paragraphs. This is a clear violation of Federal Rule of Civil Procedure 10(b).

Based on the above conduct, Plaintiff has asserted claims against the Schafers for (1) stealing $400,000 in violation of unidentified Pennsylvania laws; (2) violating the Fourteenth and Fifth Amendments for giving false statements to authorities; (3) depriving him of his property and seizing his property without cause in violation of unidentified Pennsylvania laws; (4) extortion in violation of the Fourth Amendment; (5) failing to pay his mortgage; (6) falsifying documents in violation of the Fifth Amendment; (7) "depriving [his] children of their well-being causing harm to [his] state & federal laws"; and (8) violating his "tort law." In addition to money damages, Spence seeks injunctive relief against the Schafers. Specifically, Spence has filed a Motion for a Preliminary Injunction against Keeley and Kevin Schafer (ECF No. 10) seeking injunctive relief as to an order entered by Westmoreland County Judge Anthony G. Marsili which granted the Schafers possession of the Real Estate and personal property located therein. Spence has also filed a Motion for Temporary Restraining Order against Keeley and Kevin Schafer (ECF No. 12), requesting that this Court enter a temporary restraining order to prevent the Schafers from selling the Real Estate and his personal property located therein.

C.    **Discussion**

1.    **Pleading Deficiencies Applicable to the Entire Amended Complaint**

Spence's Amended Complaint (as well as the previous versions) fails to comply with Federal Rules of Civil Procedure 8 and 10. Rule 8 requires that a complaint contain a short and plain statement setting forth (1) the basis for the court's jurisdiction, (2) the claim or claims showing that the pleader is entitled to relief, and (3) a demand for the relief sought. Although there is not a heightened pleading standard in Section 1983 cases, *pro se* plaintiffs must sufficiently allege a deprivation of a right secured by the Constitution. *Nami*, 82 F.3d at 65 (citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). Spence fails to set forth

sufficient factual statements (and in some cases, no factual statements at all), showing that he is entitled to relief on any of his civil rights claims or, for that matter, on the various state common law claims asserted against the Defendants.  He also fails to align each claim against a particular Defendant with the allegations supporting such claims.  Spence also fails to provide dates for most of the events upon which his claims are predicated.  It is possible that some or all of his Section 1983 claims may be time-barred.[3]  However, the timeliness of Spence's claims cannot be determined without reference to at least the month and year of the events giving rise to his claims.  These deficiencies preclude a meaningful response by the Defendants.  Thus, the Amended Complaint fails to satisfy the notice pleading requirements of Rule 8.

Federal Rule of Civil Procedure 10(b) requires that the statements in the complaint be set forth in numbered paragraphs and limited, as far as practicable, to a single set of circumstances in each paragraph.  Other than the first 13 paragraphs, none of the remaining paragraphs in the 34-page complaint are numbered.  The lack of numbered paragraphs deprives Defendants of a point of reference for responding, and frustrates the purpose of the Rules to "secure the just, speedy, and inexpensive determination of every action."  FED. R. CIV. P. 1.

Accordingly, if Spence elects to file a third amended complaint, that pleading must comply with the requirements of Rules 8 and 10(b).

---

[3] Claims brought under Section 1983 are subject to a two-year statute of limitations.  *Carpenter v. Young,* No. Civ. A. 04-927, 2005 WL 1364787, *4 (E.D.Pa. June 1, 2005) (statute of limitations for Section 1983 claims is the two-year statute of limitations for personal injury actions in Pennsylvania) (citing *Garvin v. City of Phila.,* 354 F.3d 215, 220 (3d Cir. 2003); *Vitalo v. Cabot Corp.,* 399 F.3d 536, 542 (3d Cir. 2005)).  Therefore, any Section 1983 claims based on events occurring prior to 1/4/11 will be time-barred.

## 2.    The Schafer Defendants

Although Spence has alleged that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 based on alleged violations of his civil rights under 42 U.S.C. §1983, the allegations in his Amended Complaint fail to establish that this Court has subject matter jurisdiction over his claims against the Schafers.   In order to "state a claim of liability under §1983, [a plaintiff] must allege that [he] was deprived of a federal constitutional or statutory right by a state actor." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (citation omitted). Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . , subjects, or causes to be subjected, any citizen of the United States of any other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983.  Therefore, to state a claim for relief under §1983, Spence must demonstrate both that Defendants were acting under color of state law and that a constitutional violation was directly caused by Defendants' conduct.  *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994). Section 1983 does not create rights; it simply provides a remedy for violations of those rights created by the United States Constitution or federal law. *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995)).

Here, the allegations in the Amended Complaint indicate that the Schafers are private individuals, not state officials, nor does Spence allege any facts to suggest that they were otherwise acting under color of state law.  Moreover, Spence has failed to allege any facts to suggest plausible claims for violations of the Fourth, Fifth or Fourteenth Amendment against the

Schafers.[4]    Mere conclusory allegations that the Schafers violated his constitutional rights, violated his due process rights, or violated unidentified federal and state laws, are insufficient to state a claim on which relief may be granted.  *Fowler*, 578 F.3d at 210 (citing *Iqbal,* 129 S.Ct. at 1949).

Spence also attempts to assert several state common law claims against the Schafers. However, because Spence has failed to assert plausible federal law claims against the Schafers, he has failed to establish this Court's subject matter jurisdiction.  Thus, the Court cannot exercise supplemental jurisdiction over any related state law claims against the Schafers.  28 U.S.C. §1367(a).  In any event, it is questionable whether Spence has adequately pled or even identified cognizable state common law claims against the Schafers.  For example, merely alleging that the Schafers violated "his tort law" is conclusory and woefully deficient, as it is not supported by any factual allegations and fails to identify which "tort" the Schafers allegedly violated.

For all of these reasons, the Court recommends that the Amended Complaint against the Schafers be dismissed without prejudice pursuant to 28 U.S.C. §1915(e)(2).  However, the Court recommends that Plaintiff be allowed leave to file a third amended complaint as to the Schafer Defendants, but only insofar as he is able to adequately plead violations of specific federal laws or specific rights under the U.S. Constitution.  If Spence wishes to pursue a Section 1983 claim against the Schafers, he must also allege facts to show that the Schafers were acting under color of state law. If Plaintiff determines that it would be futile to file a third amended complaint (because he is unable to adequately plead federal claims against the Schafers to establish this

---

[4] Because Spence has not identified exactly which rights under the Fourth, Fifth, and Fourteenth Amendments Defendants allegedly violated, it is not this Court's responsibility to set forth the elements of each and every possible violation of rights guaranteed by these amendments. Although he is proceeding *pro se*, Spence is certainly capable of reading the Bill of Rights and identifying, at the very least, which clauses of each amendment he contends Defendants violated.

Court's subject matter jurisdiction), then he may file a notice with the Court indicating that he does not wish to file a third amended complaint.

Moreover, because Spence has failed to establish this Court's subject matter jurisdiction over his claims against the Schafers, the Court is precluded from ruling on his Motion for a Preliminary Injunction against Keeley and Kevin Schafer (ECF No. 10) and his Motion for Temporary Restraining Order against Keeley and Kevin Schafer (ECF No. 12).[5] Therefore, the Court recommends that these motions be denied.

### 3. Joinder of the Remaining Defendants

Spence also alleges various claims against 13 other Defendants, but only the claims against Defendants Sally Frick, Robert Stechp, Candice Thompson, and Daleena Johnson arguably arise from the same transaction or occurrence as that set forth against the Schafers. Rule 20(a)(2) of the Federal Rules of Civil Procedure provides, in relevant part:

> Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

---

[5] To the extent Spence's motion for a preliminary injunction and TRO against Keeley and Kevin Schafer seeks to overturn the order of Judge Marsili in the Court of Common Pleas, Westmoreland County, such relief is likely barred by either the *Rooker-Feldman* doctrine or *Younger v. Harris,* 401 U.S. 37 (1971) (federal courts cannot enjoin pending state court proceedings). The *Rooker-Feldman* doctrine holds that a United States District Court has no subject matter jurisdiction to review final judgments of a state court, because only the Supreme Court has jurisdiction to review state court judgments under 28 U.S.C. § 1257. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). *Rooker-Feldman* is "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejections of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 544 (3d Cir.2006) (citing *Exxon Mobil, id.*).

(B) any question of law or fact common to all defendants will arise
in the action.

Thus, while Plaintiff may combine multiple unrelated claims against a single defendant in a lawsuit, he cannot combine unrelated claims against multiple defendants in one lawsuit. *Kedra v. City of Phila.,* 454 F.Supp. 652, 661 n. 6 (E.D. Pa. 1978) ("The Federal Rules permit unlimited joinder of claims against an opposing party (Fed.R.Civ.P. 18(a)), but in multiparty cases joinder is limited by the requirement of Rule 20(a) that plaintiffs or defendants may not be joined in the same case unless some of the claims by or against each party arise out of common events and contain common factual or legal questions.")

Rule 20 is a flexible rule which was designed to promote trial convenience and to expedite the final determination of disputes in an attempt to avoid multiple lawsuits. *Pruden,* 2006 WL 3325439, at *1 (citing *Miller v. Hygrade Food Prods. Corp.*, 202 F.R.D. 142, 144 (E.D.Pa. 2001) (citing Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, FEDERAL PRACTICE & PROCEDURE, §1652 at 395 (3d ed. 2001)); *Swan v. Ray,* 293 F.3d 1252, 1253 (11th Cir. 2002) (the Rule 20(a) same transaction and common question requirements are to be liberally construed in the interests of convenience and judicial economy)). Despite this liberal bent, that does not give the courts permission to join any and all claims and defendants in one lawsuit. As the Court of Appeals for the Eighth Circuit observed in *Mosley v. General Motors*:

> Permissive joinder is not, however, applicable in all cases. The rule imposes two specific requisites to the joinder of parties: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence, or series of transactions or occurrences; and (2) some question of law or fact common to all the parties must arise in the action.

*Mosley v. Gen. Motors Corp.,* 497 F.2d 1330, 1333 (8th Cir. 1974). Another reason exists for requiring compliance with Rule 20—allowing *in forma pauperis* plaintiffs to combine in one complaint numerous separate, independent claims would circumvent the filing fee requirements of the Prison Litigation Reform Act of 1995. *Pruden,* 2006 WL 3325439, at *2.

The courts have adopted a case by case approach in determining whether a particular fact situation constitutes a single transaction or occurrence for purposes of Rule 20. *Mosley,* 497 F.2d at 1333 (citing 7 C. Wright, FEDERAL PRACTICE & PROCEDURE §1653 at 270 (1972)); *Pruden,* 2006 WL 3325439, at *1 (citing *Miller, supra*). With regard to the same transaction requirement, "all 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence. . . . The analogous interpretation of the terms as used in Rule 20 would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary." *Mosley,* 497 F.2d at 1333 (internal citation omitted); *see also Miller,* 202 F.R.D. at 144 (applying logical relationship test applied in *Mosley*). As to the common question of law or fact requirement, the courts have turned to the commonality requirement under Rule 23(a) for analogy. *Miller,* 202 F.R.D. at 145 (citing *Mosley,* 497 F.2d at 1334).

### a.     Defendant Sally Frick

Spence has also named as a Defendant in this action Sally Frick, an attorney who appears to have been retained by him at some point to review the land contract at issue. His claims against Frick appear to derive from his dissatisfaction with her representation of him, although the complaint contains very few references to Ms. Frick and her alleged acts which give rise to those claims. Spence asserts the following claims against Frick: (1) malpractice; (2) Fifth Amendment violation for giving false statements to authorities; (3) Fourth Amendment violation

for withholding his land contract; (4) due process violation for withholding evidence; (5) breach of contract; (6) breach of fiduciary duty; (7) tort law; and (8) violations of unidentified Pennsylvania and federal laws for cutting off contact in March 2009, thus hindering him from getting the land contract. At least one of these claims appears to arise from the alleged contract for the sale of the Real Estate between the Schafers and Spence, and proof of the malpractice claim will involve a common question of law or fact with those asserted against the Schafers. Thus, it appears that the joinder requirements of Rule 20(a)(2) have been met as to Ms. Frick.

However, as this Court found above, Spence has failed to establish this Court's subject matter jurisdiction over his claims against the Schafers. Moreover, the Amended Complaint fails to establish an independent basis this Court's subject matter jurisdiction over the claims asserted against Frick. Spence has asserted several state common law claims against Frick—malpractice, breach of contract, breach of fiduciary duty, and tort law—but has not alleged any facts to establish diversity of citizenship. Nor has Spence pled facts to show the requisite elements of a civil rights claim or other federal law claim. The allegations indicate that Frick is a private individual, not a state official, and is not alleged to have acted under color of state law, which is fatal to Spence's Section 1983 claim. In addition, Spence has failed to allege any facts to suggest a plausible claim for violations of the Fourth or Fifth Amendment, or his due process rights. Mere conclusory allegations that Frick violated constitutional amendments, his due process rights, or unidentified federal and state laws, are insufficient to state a claim on which relief may be granted. *Fowler*, 578 F.3d at 210 (citing *Iqbal,* 129 S.Ct. at 1949).

Accordingly, the Court recommends that the Amended Complaint against Sally Frick be dismissed without prejudice pursuant to 28 U.S.C. §1915(e)(2). However, if Spence chooses to file a third amended complaint against the Schafers, he may include claims against Sally

Frick, so long as at least one of the claims asserted against Ms. Frick arises out of the same transaction or occurrence as that alleged against the Schafers, and provided he can establish this Court's subject matter jurisdiction over the claims asserted. Otherwise, Spence's only recourse is to file a separate lawsuit against Ms. Frick in state court.

### b. Defendant Gombach Towing

Next, Spence has also named Gombach Towing as a Defendant. It appears from the Amended Complaint that Gombach Towing was the towing company which responded to a call by Officer Lock to have a moving van, which was allegedly illegally parked outside the Real Estate at issue here, towed. The only other allegation against Gombach Towing is that it overcharged Spence for the towing and caused an unreasonable delay in releasing the towed moving van. Spence fails to assert any claims for relief against Gombach Towing in the Amended Complaint.

Consequently, the Court finds that the Amended Complaint against Gombach Towing should be dismissed for two reasons. First, Spence fails to assert any claim against Gombach Towing, and second, Gombach Towing was improperly joined as a Defendant in this action under Rule 20(a)(2). Any potential claims against Gombach Towing arise out of the towing incident and not from the transaction or occurrence involved in the claims against the Schafers. Accordingly, the Court recommends that the Amended Complaint be dismissed without prejudice as to Gombach Towing. Spence's only recourse is to file a separate lawsuit against Gombach Towing in state court.

### c. Defendants Penn Township Police Department and Lock

Spence has also named Penn Township Police Department ("PTPD") and Officer Lock as Defendants. The claims alleged against them do not appear to arise out of the same transaction

or occurrence as that involved in the claims against the Schafers, and therefore, these Defendants are also improperly joined in this lawsuit under Rule 20(a)(2). The transaction or occurrence underlying the claims against PTPD and Lock are Lock's handling of, and refusal to act on, the reported thefts of Spence's personal property from 300 Mt. Manor Road, which allegedly violated his civil rights. Spence claims that: (1) PTPD and Lock allowed persons to walk away with Spence's personal property, including $250,000 without filing criminal charges in violation of unidentified state and federal laws; (2) PTPD deprived him of filing criminal charges in violation of the First Amendment; (3) PTPD and Lock "posed" racial acts over him, violating his civil rights; (4) Lock hindered him from gaining possession of $100,000 worth of possessions at 300 Mt. Manor Road, in violation of the Fourth Amendment; and (5) Lock hindered him from filing criminal charges in 2011, violating the Ninth Amendment.

As municipal defendants, PTPD and Lock meet the state actor requirement for a Section 1983 claim. However, Spence has failed to sufficiently plead facts showing plausible claims for violations of the First, Fourth, and Ninth Amendments, or his "civil rights." Spence's claims are comprised of a single sentence stating a legal conclusion, without any factual support. As such, they are insufficient under *Twombly* and *Iqbal* to state a claim upon which relief can be granted. In addition, Spence's claims against PTPD do not meet the requirements for municipal liability under *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).[6]

---

[6] In *Monell,* the Supreme Court declared that municipal liability may not be premised on the mere fact that the governmental unit employed the offending official, that is, through application of the doctrine of *respondeat superior*. Instead, the Supreme Court concluded that municipalities can only be held liable under § 1983 only when its "policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell,* 436 U.S. at 694. This requirement distinguishes the acts of the municipality from acts of employees of the municipality, thereby limiting liability only to instances for which the municipality is actually directly responsible. *Id.*

Accordingly, the Court recommends that the Amended Complaint against Defendants Penn Township Police Department and Officer Lock be dismissed without prejudice. If Spence wishes to pursue claims against the PTPD and Lock, he must do so in a separately filed lawsuit and, unless he corrects the pleading deficiencies noted above, any separately filed lawsuit against these Defendants is likely to suffer the same fate—dismissal under Section 1915(e)(2).

### d.    Defendant Robert Stechp

Spence has also named the Schafers' attorney, Robert Stechp, as a Defendant in this action. Spence alleges that on June 18, 2012, he mistakenly sent a nine-page motion with the Schafers' financial records attached to Stechp. Spence further alleges that he sent what evidence he had to Stechp to prove that he did not owe the Schafers anything. In addition, Spence avers that Stechp did not disclose to Judge Anthony G. Marsili either the motion or financial records, or the land contract indicating the terms signed by Spence. Spence also alleges that once Stechp received the motion, ethics required that he should have either entered the motion as evidence or returned it back to Spence, but instead, he entered into the "conspiracy" on September 24, 2012. While attending a hearing for the Schafers, Stechp is alleged to have withheld evidence that was

---

To establish municipal liability pursuant to § 1983, the plaintiff must identify the policy, custom or practice of the municipal defendant that results in the constitutional violation. *Id.* at 690-91. A municipal policy is deemed to have been made when a decision-maker issues an official proclamation or decision. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986). A custom or practice, however, can be found with no official declaration, but by showing a course of conduct so permanent and widespread that it has the force of law. *Andrews v. City of Philadelphia,* 895 F.2d 1469, 1480 (3d Cir. 1990). To establish municipal liability based upon a custom or practice, the plaintiff must demonstrate that the decision-maker had notice that a constitutional violation could occur and that the decision-maker acted with deliberate indifference to this risk. *Berg v. County of Allegheny*, 219 F.3d 261, 276 (3d Cir. 2000). Finally, the plaintiff must show either an "affirmative link" or "plausible nexus" between the custom or practice and the alleged constitutional deprivation. *Bielevicz v. Dubinon*, 915 F.2d 845, 850-51 (3d Cir. 1990). So long as this link is not too tenuous, whether the municipality was the proximate cause of the constitutional violation and thus the injury to the plaintiff, is a matter left to the jury. *Id.* at 851 (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985)).

personally given to him by Spence. Stechp is also alleged to have filed an "ill-willed eviction" on 300 Mt. Manor Road.

Based on these allegations, Spence has brought the following claims against Stechp: (1) violation of the Fifth Amendment for giving false statements to Judge Marsili; (2) malpractice; (3) violation of the Fourth Amendment for withholding Spence's land contract and other "very important indicias"; and (4) violated his civil rights by "pos[ing] racial acts" over him; and (5) "depriving [his] children of their well-being causing harm to [his] state & federal laws." Arguably, Spence's claims against Stechp arise out of the same transaction as that involving the Schafers. As at least one of these claims appears to arise from the alleged contract for the sale of the Real Estate between the Schafers and Spence, and will likely involve a common question of law or fact with those asserted against the Schafers, Stechp was properly joined as a Defendant in this lawsuit.

However, as this Court found above, Spence has failed to establish this Court's subject matter jurisdiction over his claims against the Schafers. Moreover, the Amended Complaint fails to establish an independent basis for this Court's subject matter jurisdiction over the claims asserted against Stechp. Spence's state common law claim against Stechp for malpractice does not provide this Court with subject matter jurisdiction and, in any event, the malpractice claim must be dismissal with prejudice because Spence admits that Stechp was not his attorney. Therefore, he cannot prove a legal malpractice claim against Stechp as a matter of law. Nor has Spence pled facts to show the requisite elements of a civil rights claim or other federal law claim against Stechp. The allegations indicate that Stechp is a private individual, not a state official, which is fatal to Spence's Section 1983 claim. In addition, Spence has failed to allege any facts to suggest a plausible claim for violations of the Fourth or Fifth Amendment or his civil rights

based on race. Likewise, Spence's claim that Stechp deprived his children of their well-being resulting in harm to him lacks factual support and fails to identify the state and federal laws allegedly violated. Mere conclusory allegations that Stechp violated his constitutional rights or unidentified federal and state laws are insufficient to state a claim for relief which is plausible on its face. *Fowler*, 578 F.3d at 210 (citing *Iqbal,* 129 S.Ct. at 1949).

Accordingly, the Court recommends that the Amended Complaint against Robert Stechp be dismissed without prejudice pursuant to 28 U.S.C. §1915(e)(2), with the exception that the state common law malpractice claim be dismissed with prejudice. However, if Spence chooses to file a third amended complaint against the Schafers, he may include claims (except malpractice) against Robert Stechp, so long as at least one of the claims asserted against Stechp arises out of the same transaction or occurrence as that alleged against the Schafers, and provided he can establish this Court's subject matter jurisdiction over the claims asserted. Otherwise, Spence's only recourse is to file a separate lawsuit against Stechp in state court.

> ### e. Defendants Candice Thompson, Chasity Thompson, Donna Staples, and Daleena Johnson

In addition, Spence has named Candice Thompson, Chasity Thompson, Donna Staples, and Daleena Johnson as Defendants in this lawsuit, who appear to be various members of his immediate and extended family. Although he references Chasity Thompson and Donna Staples on several occasions throughout his Amended Complaint in providing background information, he does not assert any claims against them. As such, Chasity Thompson and Donna Staples were improperly joined in this lawsuit, and thus, the Court recommends that they be dismissed from this lawsuit.

Spence does, however, seek a preliminary injunction against Chasity Thompson (ECF No. 11) to prevent her from selling his clothes, jewelry, cars, RC cars, RC airplaines, RC helicopters, appliances and furniture. In support, Spence states in his motion that Chasity took possession of $250,000 worth of jewelry from a third party without his knowledge, and hoarded it at 300 Mt. Manor Road, and eventually pawned the jewelry for substantially less than the claimed $250,000 value. Spence further alleges in the motion that Chasity pawned a 2007 Mercedes CLS 500, and is hoarding the remaining property/assets worth $430,000. To the extent that this can be considered a "claim" against Chasity Thompson,[7] it cannot be joined in this lawsuit as it does not arise out of the same transaction as that involving the Schafers. Moreover, as this "claim" does not involve a federal law or constitutional right, it cannot be brought in a separate lawsuit in federal court, as this Court lacks subject matter jurisdiction over that "claim." Spence's only recourse against Chasity Thompson is in state court. Accordingly, the Court recommends that the Motion for Preliminary Injunction against Chasity Thompson (ECF No. 11) be denied.

As to Defendants Candice Thompson and Daleena Johnson, it appears that at least one of the claims asserted against each of them may arise out of the same transaction as that involved in the claims against the Schafers. Spence alleges, among other things, that Candice Thompson filed an appeal for possession of the Real Estate at issue, in violation of the Fifth Amendment. As to Daleena Johnson, Spence asserts *inter alia* that she kept $150,000 of his money instead of paying the mortgage at 300 Mt. Manor Road in violation of the Fifth Amendment and other

_____

[7] Technically, this is not a claim because it is not set forth in the Amended Complaint, but rather, is stated in a motion, which is not a pleading. In the Amended Complaint, Spence alleges only that he contacted the PTPD to report a theft of $250,000 worth of jewelry from 300 Mt. Manor Road by Chasity Thompson. ECF No. 7 at 17.

unidentified state and federal laws.  Giving Spence the benefit of the doubt, the Court finds that at this juncture, the factual allegations appear to sufficiently allege the requirements for joining Candice Thompson and Daleena Johnson in the same lawsuit with the Schafers.

However, the claims against Candice Thompson and Daleena Johnson suffer the same fatal flaw as those asserted against the Schafers— the Amended Complaint fails to establish this Court's subject matter jurisdiction over the claims asserted against them.  As this Court found above, Spence has failed to establish this Court's subject matter jurisdiction over his claims against the Schafers.  Nor has he established an independent basis for subject matter jurisdiction over the claims against Candice Thompson and Daleena Johnson. Spence has asserted that Candice Thompson also violated his due process rights under the Fifth Amendment by selling off his material evidence, and violated his rights under the Fourth and Fifth Amendments when she stole property from 300 Mt. Manor Road.  As to Daleena Johnson, Spence has alleged that she also violated his rights under the Fifth Amendment by misleading Chasity Thompson in not continuing to pay the mortgage at 300 Mt. Manor Road.  However, a prerequisite of bringing a Section 1983 claim based on either the Fourth or Fifth Amendment is that the defendant was acting under color of state law.  The allegations indicate that both Candace Thompson and Daleena Johnson are private individuals, not state officials, which is fatal to Spence's Section 1983 claim.  In addition, Spence has failed to allege a plausible claim for violations of the Fourth or Fifth Amendment, or his due process rights.  Mere conclusory allegations that Candice Thompson and Daleena Johnson violated his constitutional rights, violated his due process rights, or violated unidentified federal and state laws, are insufficient to state a claim on which relief may be granted.  *Fowler*, 578 F.3d at 210 (citing *Iqbal,* 129 S.Ct. at 1949).

Accordingly, the Court recommends that the Amended Complaint against Candace Thompson and Daleena Johnson be dismissed without prejudice pursuant to 28 U.S.C. §1915(e)(2). However, if Spence chooses to file a third amended complaint against the Schafers, he may include claims against Candace Thompson and Daleena Johnson, so long as at least one of the claims asserted against them arises out of the same transaction or occurrence as that alleged against the Schafers, and provided he can establish this Court's subject matter jurisdiction over the claims asserted. Otherwise, Plaintiff's only recourse is to file a separate lawsuit against Candice Thompson and Daleena Johnson in state court.

### e. Defendants Korry Pitts, 412 Motoring, Cortorra Brownfield, and Daryl Myrick

Spence has brought claims against Defendants Korry Pitts, 412 Motoring, Cortorra Brownfield, and Daryl Myrick for failing to compensate him for the sale of several vehicles he owned, allegedly in violation of unidentified federal and state laws. Spence also alleges that Korry violated his Fourth Amendment rights by withholding the title and bill of sale to one of his vehicles, and by stealing his 1986 Buick Grand National and the Panasonic head unit on his conversion van. Spence further alleges that Korry violated his Fifth Amendment rights by lying and giving false statements to him, violated his due process rights by giving Brian Haenze false information regarding him, and violated unidentified state laws when he shared Plaintiff's strategies with Brian Haenze, a "secret informant." In addition, all of these Defendants are alleged to have violated Plaintiff's "tort law." Defendants 412 Motoring, Cortorra Brownfield, and Daryl Myrick are also alleged to have violated Plaintiff's due process rights by withholding evidence. Defendant 412 Motoring is alleged to have violated Plaintiff's Fifth Amendment rights by withholding the title to one of his vehicles, and the Fourth Amendment for withholding

the bill of sale.  Defendants 412 Motoring and Cortorra Brownfield are alleged to have hoarded Plaintiff's assets without compensation in violation of the Fourth Amendment.  Finally, Defendant Daryl Myrick is also alleged to have violated Spence's Fourth Amendment rights by giving Korry Pitts his 2005 Maserrati, violating his Fifth Amendment rights by turning over Plaintiff's assets to a con artist (Pitts), and violating unidentified state laws for sharing Plaintiff's secrets with Pitts.

The transactions at the heart of the claims against these Defendants are the sales of various motor vehicles owned by Spence.  Spence alleges that he authorized Pitts and Myrick to sell several of his vehicles at auction for no less than a certain dollar amount and signed over the titles to the vehicles to them with that understanding.  Spence contends that Pitts and Myrick sold the vehicles for less than the bottom dollar amounts. Spence also alleges that Pitts used his situation—incarcerated and under indictment—to con him into signing the title to three vehicles over with the false hope of saving his home, and that Pitts stole his 1986 Buick (with sentimental value of $50,000) and $2,000 head unit from his conversion van.  As such, the claims against these Defendants to not satisfy the same transaction or occurrence element of Rule 20(a)(2). Therefore, the claims against Defendants Korry Pitts, 412 Motoring, Cortorra Brownfield, and Daryl Myrick were improperly joined in this civil action.

Moreover, Spence's allegations that Defendants' actions violated his rights under the Fourth and Fifth Amendments do not prevent dismissal for violation of Rule 20(a)(2). No independent basis exists for exercising federal subject matter jurisdiction over the claims against Defendants Pitts, 412 Motoring, Brownfield and Myrick.  None of these Defendants is alleged to be a state official or to have been acting under color of state law.  Therefore, Spence has failed to show a required element of a Section 1983 claim.  Moreover, Spence fails to set forth any factual

allegations to show or suggest a plausible claim for violation of a right recognized under the U.S. Constitution. As such, the claims against Pitts, 412 Motoring, Brownfield, and Myrick cannot be brought in a separate lawsuit in federal court, as this Court lacks subject matter jurisdiction over these claims. Spence's only recourse against Defendants Pitts, 412 Motoring, Brownfield, and Myrick is to file a separate lawsuit in state court.

Finally, Spence has filed a Motion for a Preliminary Injunction against Korry Pitts and 412 Motoring (ECF No. 8), for the purpose of returning the 1986 Buick Grant National, three bills of sales, and the Kenwood Head Unit from the conversion van. Spence has also filed a Motion for a Preliminary Injunction against Cortorra Brownfield (ECF No. 9), requesting injunctive relief (although exactly what type of relief is unclear) with regard to Ms. Brownfield's unauthorized sale of his 2001 Lincoln Town Car. Both of these motions are predicated on claims which this Court has found were improperly joined in this lawsuit and over which this Court lacks subject matter jurisdiction. Therefore, the Court recommends that the Motion for a Preliminary Injunction against Korry Pitts and 412 Motoring (ECF No. 8), and the Motion for a Preliminary Injunction against Cortorra Brownfield (ECF No. 9) be denied.

D.    **Conclusion**

For the reasons set forth above, the Court respectfully recommends that Plaintiff's Amended Complaint (ECF No. 7) be dismissed with prejudice as to the malpractice claim against Robert Stechp.

It is further recommended that the Amended Complaint (ECF No. 7) be dismissed without prejudice as to all remaining claims and Defendants.

The Court further recommends that Plaintiff be allowed leave to file a third amended complaint as to the Schafer Defendants, but only insofar as he is able to adequately plead

23

violations of specific federal laws or specific rights under the U.S. Constitution. If Spence wishes to pursue a Section 1983 claim against the Schafers, he must also allege facts to show that the Schafers were acting under color of state law. If Plaintiff chooses to file a third amended complaint against the Schafers, he may include claims against Sally Frick, Robert Stechp, Candice Johnson, and Daleena Johnson, so long as at least one of the claims asserted against each of these Defendants arises out of the same transaction or occurrence as that alleged against the Schafers, and provided he can establish this Court's subject matter jurisdiction over the claims asserted. If Plaintiff chooses to file a third amended complaint, such pleading shall comply with the requirements of Rule 8 and 10(b). If Plaintiff determines that it would be futile to file a third amended complaint (because he is unable to adequately plead federal claims to establish this Court's subject matter jurisdiction, then Plaintiff may file a notice with the Court indicating he will not be filing a third amended complaint in this action.

The Court further recommends that the Motions for a Preliminary Injunction against Korry Pitts and 412 Motoring (ECF No. 8), Cortorra Brownfield (ECF No. 9, Keeley and Kevin Schafer (ECF No. 10), and Chasity Thompson (ECF No. 11), be denied. It is further recommended that the Motion for Temporary Restraining Order against Keeley and Kevin Schafer (ECF No. 12) be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated:  March 7, 2013

BY THE COURT:

_____

LISA PUPO LENIHAN
Chief U.S. Magistrate Judge

cc:     Robert Russell Spence, Jr.
        Beaver County Jail
        6000 Woodlawn Road
        Beaver, PA  15001